**UNITED STATES of America,
Appellee,**

**v.**

**Robert James REESE, Appellant.**

**No. 153, Docket 34845.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 25, 1970.

Decided Oct. 5, 1970.

Vincent J. Favorito, Asst. U. S. Atty. (Edward R. Neaher, U. S. Atty., Eastern District of New York, on the brief), for appellee.

Conrad J. Lynn, New York City, for appellant.

**58**

Before LUMBARD, Chief Judge, and ANDERSON and FEINBERG, Circuit Judges.

PER CURIAM:

Robert James Reese was convicted before Judge Rosling, sitting without a jury, of refusing to report for induction in violation of 50 U.S.C. App. § 462(a) and sentenced to three years imprisonment. His appeal challenges the local selective service board's refusal to reopen his classification and to reclassify him as a conscientious objector.

On June 10, 1968, Local Board No. 44 classified Reese as I–A after he had notified them that he was no longer attending college. Reese neither sought a personal appearance nor appealed the Board's classification at this time. On March 3, 1969, he was ordered to report for induction on March 17, 1969. Reese testified that he then consulted a lawyer for the first time, and discovered that his moral objections to war might qualify him as a conscientious objector. On March 12, he requested SSS Form 150 from his Board, and his attorney asked that induction be postponed. The Board acted accordingly. After Reese had returned the form, the Board interviewed him on May 26, 1969. The Board, finding that Reese was not a true conscientious objector, refused to reopen his classification and ordered that he report for induction on June 17, 1969. He failed to appear on that date.

Judge Rosling held that Local Board No. 44 properly refused to reopen Reese's classification on two grounds. First, Reese's views had ripened for several years before he requested conscientious objector classification, and consequently he was not entitled to be reclassified after the notice to report for induction had issued. Second, Judge Rosling held that the Board was justified in concluding that Reese's views were essentially political or sociological, and that his distaste for military service focused on Vietnam instead of reflecting a pervasive pacifism. Reese told the Board that he didn't know if he would have fought in World War II, since he would have grown up in an entirely different society and might have been a different person. He also stated that he could not honestly say what he would do if the United States were subject to an unprovoked attack in the distant future.

We hold that appellant's delay in presenting the claim for conscientious objection is fatal to his right to reopen his classification. The record reveals that Reese's antiwar views matured two or three years prior to receiving his notice of induction. It is settled in this circuit that once the notice to report for induction is received, a registrant is not entitled to reopen his classification, unless his beliefs crystallized subsequent to receiving that notice. United States v. Gearey, 368 F.2d 144 (2d Cir. 1966); United States v. Gearey, 379 F.2d 915 (2d Cir. 1967); Paszel v. Laird, 426 F.2d 1169 (2d Cir. 1970). Appellant contends that his delay in seeking reclassification is excusable because he did not consult an attorney prior to receiving his induction notice. We find this argument to be frivolous. Nothing in Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970), undermines this rule, as that case dealt with reopening classification prior to the registrant's receiving an induction notice.

In view of Reese's failure to present a timely claim for reclassification, we find it unnecessary to consider whether there was a factual basis for the Local Board's determination that Reese was not a true conscientious objector.

Affirmed.